IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Lankford,<br><br>        Plaintiff,<br>v.<br><br>MiraMed Revenue Group, LLC; and DOES 1-10, inclusive,<br><br>        Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, David Lankford, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, David Lankford ("Plaintiff"), is an adult individual residing in Boiling Springs, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, MiraMed Revenue Group, LLC ("MiraMed"), is an Illinois business entity with an address of 360 East 22nd Street Lombard, Illinois 60148, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by MiraMed and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. MiraMed at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to MiraMed for collection, or MiraMed was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **MiraMed Engages in Harassment and Abusive Tactics**

11. On September 25, 2019, MiraMed called Plaintiff's daughter in an attempt to collect the Debt from Plaintiff and left the following voice message:

# Voicemail

+1 (864) 409-4710
Fountain Inn, SC
September 25, 2019 at 2:25 PM

 

**Transcription Beta**

"This is a message for David Langford if you are not David Langford please hang up or disconnect if you are David Langford please continue to listen to this message you should not listen to this message so that other people can hear it as it does contain personal and private information there will now be a 3 second pause so that you can listen to this message in private by continuing to listen to this message you would knowledge that you are David Langford this is near ___ revenue group this is an attempt to collect the debt any information obtained will be used for that purpose please contact our office about a personal business matter concerning reference number at 866-910-2607 thank you have a great day..."

Was this transcription useful or not useful?

12. The message was transcribed and the daughter read the message. As a result debt-related information was disclosed to a third party without Plaintiff's consent or permission.

3

13. MiraMed's actions caused Plaintiff to suffer a significant amount of anxiety and embarrassment.

## C. Plaintiff Suffered Actual Damages

14. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

18. Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that Plaintiff owed a debt.

19. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau.

20. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt

21. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

23. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 17, 2019

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff